UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| JOSEPH A. PETTIT, | ) |
| Plaintiff, | ) Civil Action No. 2: 11-067-DCR |
| V. | ) |
| CHEVRON PHILLIPS CHEMICAL CO., LP, et al., | ) **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court upon the motion of the Plaintiff Joseph A. Pettit ("Pettit") for leave to file an amended complaint. [Record No. 18] Pettit seeks to amend his original complaint to assert an additional cause of action and to add a new defendant, Aetna Life Insurance Company ("Aetna"). Defendants Chevron Phillips Chemical Company LP ("CPChem") and Metropolitan Life Insurance Company ("MetLife") oppose the motion on the grounds that Pettit has not exhausted his administrative remedies with CPChem or Aetna regarding this new claim.

As an employee of CPChem, Pettit participated in the company's group long-term disability insurance policy, administered by MetLife. He applied for short-term and long-term disability insurance benefits in January 2010, and MetLife denied those benefits in November 2010. Pettit brought suit against CPChem and MetLife on April 11, 2011, seeking judicial

-1-

review under the Employee Retirement Income Security Act (ERISA) of the denial of his disability insurance benefits. [Record No. 1]

Pettit also participated in CPChem's group health insurance policy, administered by Aetna. After his employment with CPChem ended, Pettit continued his employee benefits coverage under the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), which gives employees who lose their employer-provided health benefits the right to continue their coverage for limited periods. *See* 26 U.S.C. § 4980B(f). After paying to continue his employee benefits for several months, Pettit was informed in June 2011 that his benefit coverage had been canceled. [Record No. 18-4] He now seeks to amend his complaint to include a claim against Aetna and CPChem for denying his health insurance benefits in violation of COBRA. [Record No. 18-2, p. 6]

CPChem and MetLife contend that Pettit has not exhausted his administrative remedies regarding this new claim because he did not bring an administrative appeal, as provided in the letter denying his health care benefits. [Record No. 18-4, p. 4] Under Rule of Federal Civil Procedure 15, leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, the Court need not grant a motion for leave to amend a complaint under Rule 15 if the amendment would be futile. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005). Futility exists if "the proposed amendment would not permit the complaint to survive a motion to dismiss." *Id.* Before a plaintiff may assert an ERISA claim, he must first exhaust his administrative remedies. *Miller v. Metro. Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991).

In this case, Pettit's claim against Aetna would not withstand a motion to dismiss for failure to exhaust. Pettit did allege in his proposed amended complaint that he "has exhausted all his administrative remedies." [Record No. 18-2, p. 6] However, when deciding a motion to dismiss, the Court is not required to "accept as true legal conclusions or *unwarranted factual inferences*." *Campbell v. PMI Food Equip. Grp., Inc.*, 509 F.3d 776, 781 (6th Cir. 2007) (emphasis added). Pettit has not presented any evidence to support his contention that he exhausted his administrative remedies with Aetna, and the defendants point out that "given the procedure and time frame for such appeals and the dates of the documents plaintiff attaches to his Motion, it would be unlikely and impracticable that the appeal process would be already completed." [Record No. 21, p. 3] The reasonable inference, therefore, is that Pettit has not received a final adverse determination of his claim on appeal. As a result, his amended complaint would not withstand a motion to dismiss for failure to exhaust.

Rather than grant Pettit's current motion and then dismiss the claims after the defendants bring a motion to dismiss, the Court will deny his motion to amend. Pettit may renew his motion if or when his administrative appeal results in an adverse determination of his claim. Accordingly, it is hereby

**ORDERED** that Plaintiff Joseph A. Pettit's Motion for Leave to File Amended Complaint [Record No. 18] is **DENIED**, without prejudice.

This 5th day of October, 2011.

